IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SHIRLEY KLEIN** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § |
| | §CIVIL ACTION NO. 1:14-CV-00154-SS |
| **WELLS FARGO BANK, NA;** | § |
| **AMERIPRO FUNDING, INC. d/b/a** | § |
| **LAND MORTGAGE; and** | § |
| **DAVID ACKEL** | § |
| | § |
| **Defendants.** | § |

### AMERIPRO FUNDING, INC. D/B/A LAND MORTGAGE'S
### MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW, Defendant AmeriPro Funding, Inc. d/b/a Land Mortgage ("AmeriPro") and files *AmeriPro Funding, Inc. d/b/a Land Mortgage's Motion to Dismiss Plaintiff's Original Petition* ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6) and states as follows:

### I.    INTRODUCTION

1.    Plaintiff's Original Petition ("Complaint") fails to state any claims against AmeriPro. AmeriPro originated the loan secured by Plaintiff's property at 1601 Eagle Wing Drive, Cedar Park, Texas ("Property") in September 2008 and shortly thereafter the note and related documents were transferred to Wells Fargo.  *See* Plaintiff's Complaint, Ex. A, Deed of Trust.  An Assignment of Deed of Trust executed by MERS was filed in August 2011 transferring the Deed of Trust from AmeriPro to Wells Fargo.  *See* Plaintiff's Complaint, Ex. B, Assignment of Deed of Trust. AmeriPro no longer has any interest in the loan at issue.  Aside from the style of the case, identifying AmeriPro's corporate agent, and identifying AmeriPro as the originator of the loan in

question, Plaintiff's Complaint fails to assert any causes of action against AmeriPro. Accordingly, this Court should dismiss Plaintiffs' Complaint against AmeriPro because it fails to state a claim for which relief can be granted.

2.      Plaintiff brings AmeriPro into this lawsuit because she argues that AmeriPro's joinder is necessary to determine her superior title to Wells Fargo Bank, NA ("Wells Fargo"). *See* Plaintiff's Complaint, p. 6, ¶18. AmeriPro's inclusion in the lawsuit is unnecessary because as a matter of law Plaintiff will be unable to prevail on her quiet title action. Plaintiff will be unable to prevail because: 1) her argument is based on the weakness of Wells Fargo's title rather than the strength of her own title; and 2) the underlying basis of all of Plaintiff's claims is MERS' inability to assign the loan from AmeriPro to Wells Fargo due to MERS' lack of authority. AmeriPro's inclusion is also not necessary because she is only seeking a ruling of the relative rights between herself and Wells Fargo as to her Property, and AmeriPro is not a necessary party for such a determination.

**II.     STANDARDS GOVERNING MOTIONS TO DISMISS UNDER RULE 12(b)(6)**

3.      Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss for failure to state a claim, the Court must look only to facts stated in the complaint and in documents attached to or incorporated in the complaint. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996); *McNamara v. Bre-X Minerals Ltd.*, 57 F.Supp.2d 396, 402 (E.D. Tex. 1999).

4.      There are two primary principles that guide a court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cit. 1994). Second, the court must accept all well-pleaded

facts as true and view them in light most favorable to the nonmovant. *See Capital Parks, Inc. v. S.E. Adver. & Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

5. However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *See United States ex. rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and its "factual allegations must be enough to raise a right to relief above speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ARGUMENT

**Plaintiff fails to assert any facts that establish or support a cause of action against AmeriPro and, accordingly, Plaintiff's suit against AmeriPro should be dismissed.**

6. Plaintiff's Complaint fails to identify the elements of any cause of action against AmeriPro. Plaintiff admits that she is not bringing any independent claims against AmeriPro. Plaintiff's first cause of action is for Quiet Title and Declaratory Relief. *See* Plaintiff's Complaint, p. 5, ¶17. Plaintiff alleges that her claim to title is adversely affected by the claims of Defendant Wells Fargo. *Id*. at p. 6, ¶18. The sole reason AmeriPro is included in this lawsuit is allegedly because "Absent Defendant AmeriPro's involvement in this case, this Court cannot properly determine [Plaintiff's] superior claim to title." *Id*. However, AmeriPro is not a necessary party for the Court to determine the relative rights between Plaintiff and Wells Fargo as to the Property.

7. Plaintiff fails to identify any specific conduct on the part of AmeriPro other than its involvement in the initial loan transaction. Plaintiff's broad allegations are simply too

3

conclusory to support relief against AmeriPro. *See, e.g., Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (conclusory allegations will not suffice to prevent motion to dismiss); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal); *Drs. Bethea, Moustoukas v. St. Paul Guardian Ins.*, 376 F.3d 399, 403 (5th Cir. 2004) (conclusory allegations or legal conclusions masquerading as factual conclusions not sufficient to prevent dismissal); *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (court does not accept conclusory allegations, unwarranted deductions, or legal conclusions); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (conclusory allegations or legal conclusions masquerading as factual conclusions not sufficient to prevent dismissal). Where a complaint does not contain a short and plain statement of the claim, only legal conclusions of such generality as to fail to give fair notice to Defendants of the claims against them, the complaint is subject to dismissal. *Vulcan Materials*, 238 F.3d at 387 (recitation of legal standard, without supporting facts, insufficient to withstand motion to dismiss).

8. As Plaintiff has not alleged any conduct by AmeriPro in relation to the purportedly improper assignment of the loan and subsequent foreclosure attempt, any claims against AmeriPro fail as inadequately pled. The motion to dismiss the claims against AmeriPro should, therefore, be granted.

### Plaintiff's claim to quiet title fails as a matter of law

<u>Plaintiff's claim to quiet title fails because it is based on the weakness of Wells Fargo's title rather than the strength of her own title</u>

9. A suit to quiet title "is an equitable action that involves clearing a title of an invalid charge against the title." *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex. App.–San Antonio 2009, pet denied). The elements of the cause of action to quiet title are: (1) an interest in a specific property;

4

(2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.–Texarkana 1991, writ denied). The plaintiff has the burden of establishing her "superior equity and right to relief," and must prove "right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 532 (Tex. App.–Houston [1st Dist.] 2009, pet denied).

10.     Plaintiff's claim fails because the legal basis is insufficient. Specifically, Plaintiff's attack is based on her allegation that the chain of title to the Property is clouded due to the lack of proper assignment of the Note. *See* Plaintiff's Complaint, p. 6-9. Plaintiff's allegations go to the perceived weakness of Wells Fargo's title and not to the strength of Plaintiff's title. Plaintiff's allegations are thus an inadequate basis for these claims. *See Verdin v. Fed. Nat'l Mortg. Ass'n*, F. App'x , 2013 WL 4126785, at *4 n.3 (5th Cir. Aug. 15, 2013) (where plaintiff is unable to establish he has superior title to property suit to quiet title and trespass-to-try-title actions fail); *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi, 2001, no pet.) (plaintiff in suit to quiet title must rely on strength of his own title, not on weakness of defendant's).

<u>Plaintiff's claim to quiet title fails because she failed to tender
the full amount owed to Wells Fargo</u>

11.     Plaintiff is not entitled to seek equitable relief as she has not tendered the amount due under the Note. Texas courts have made clear that "a necessary prerequisite" to recovery of title in a foreclosure setting "is tender of whatever amount is owed on the note." *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.). *See also Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835–36 (Tex. App.–Fort Worth 1999, pet. denied) ("In order to be entitled to recission, [the plaintiff is] required to actually tender the amounts due.");

*Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.–Houston [1st Dist.] 1982, no writ) (in suit seeking equitable relief to avoid foreclosure, plaintiffs "must affirmatively demonstrate their ability to pay the full amount due on the note if they are to obtain equity."). This is so because "it is a principle of equity that to obtain equitable relief the applicant must have done equity." *Grella*, 647 S.W.2d at 18. Plaintiff was in default of her payment obligations under the Note[1]. Her failure to "do equity" by tendering the amount due on his loan prevents a grant of equitable relief. *See Lambert*, 993 S.W.2d at 835–36 (to get equity, plaintiff "had to do equity"). Accordingly, Plaintiff's suit to quiet title should be dismissed.

<u>Plaintiff's claim to quiet title fails because it is based on the flawed theory that MERS did not assign the Note contemporaneously with the assignment of the Deed of Trust</u>

12.     Plaintiff's assertion that the Assignment by MERS was not effective as MERS did not contemporaneously assign the Note does not rest on solid legal ground. Texas law governing negotiable instruments does vest enforcement in the holder of the instrument. *See* TEX. BUS. & COMM. CODE ANN. § 3.102 (enforcement of negotiable instruments); *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 864 (Tex. App.–Dallas 2005, no pet.) (generally enforcement of note limited to holder). However, the comments to the statute make clear it "is not meant to apply to contracts for . . . the sale or lease of real property or similar writings that may contain a promise to pay money." TEX. BUS. & COMM. CODE ANN. § 3.104, cmt. 2. *See Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 813 (N.D. Tex. 2012) (rejecting argument that Texas statute governing negotiable instruments applied in context of foreclosure on real property). The Fifth Circuit has recently held that, under Texas law where the foreclosing party is a mortgage servicer and the

---

[1] Although she does not directly admit to being behind on her payments, Plaintiff admits that she used her Property as her residence and as a daycare, and after a traumatic event with her ex-boyfriend, her daycare was shut down and license revoked causing financial hardship. This financial hardship lead Plaintiff to seek out Wells Fargo for loan assistance. *See* Plaintiff's Complaint, pp. 4-5, ¶¶14-15.

mortgage has been properly assigned, the foreclosing party need not possess the note itself. *Martins v. BAC Home Loans Servicing, L.P,* 722 F.3d 249, 253-54 (5th Cir. 2013, reh'g den.) (rejecting both "show-me-the-note" and "split-the-note" theories). *See also Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 223 n.4 (5th Cir. 2013) (noting most courts have rejected "show-me-the-note" defense); *Casterline v. OneWest Bank, F.S.B.*, F. App'x __, 2013 WL 3868011, at *2 (5th Cir. July 3, 2013) (reiterating rejection of "show-me-the-note" theory and also rejecting argument that splitting security instrument from note, and separately assigning them, rendered mortgage unenforceable). Plaintiff's challenge to the validity of the Assignment on the basis it is an improper bifurcation of the Note and Deed of Trust thus fails.

**Plaintiff lacks standing to challenge the Assignment of the loan from AmeriPro to Wells Fargo**

13. Plaintiff cannot rest her quiet title claim on the purported invalidity of the Assignment by MERS to Wells Fargo because she lacks standing to attack the Assignment. As the Fifth Circuit recently made clear, although "the law is settled" in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable, the obligor may defend "on any ground which renders the assignment void." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d at 706-07. However, under Texas law, a fraudulent deed is voidable, rather than void. *See Nobles v. Marcus*, 533 S.W.2d 923, 925 (Tex. 1976) (deeds procured by fraud voidable, not void); *Poag v. Flories*, 317 S.W.3d 820, 826 (Tex. App.–Fort Worth 2010, pet. denied) (deeds obtained by fraud or mutual mistake voidable rather than void). *See also Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990) (when parties to agreement have contracted under mutual misconception of material fact, agreement is voidable under doctrine of mutual mistake). As Plaintiff here is contending the Assignment was done without authority, as a non-party, she lacks standing to attack its validity. *See Reinagel*, 722 F.3d

7

at 707 (under Texas law, facially valid assignments cannot be challenged for want of authority except by defrauded assignor). *See also Epstein v. US Bank Nat'l Ass'n*, ___ F. App'x, 2013 WL 5340766, at *3 (5th Cir. Sep. 25, 2013) (plaintiff lacked standing to attack assignment by MERS on ground officer of MERS named on assignment did not have authority to make assignment, only MERS has standing to raise challenge). Plaintiff thus is not entitled to relief on any claims based on the invalidity of the Assignment.

## IV.  CONCLUSION AND PRAYER

14.     Plaintiff's Complaint should be dismissed for failure to state a claim against AmeriPro upon which relief can be granted. Plaintiff failed to offer any facts that give rise to a plausible claim for relief. Additionally, Plaintiff's stated purpose for including AmeriPro was so the Court could rule on her quiet title claim. However, Plaintiff's quiet title claim must fail because: 1) it is based on the weakness of Wells Fargo's claim rather than the strength of her own claim; 2) she is not entitled to equitable relief as she failed to "do equity" by paying what was owed to Wells Fargo; 3) her claim is based on the flawed theory that MERS did not assign the Note contemporaneously with the Deed of Trust; and 4) she lacks standing to challenge the authority of MERS to assign the loan to Wells Fargo. Therefore, AmeriPro respectfully requests the Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

15.     WHEREFORE, PREMISES CONSIDERED, Defendant AmeriPro requests that, upon notice, the Court grant its Motion and for such other and further relief to which it may now show itself entitled, whether at law or in equity.

                                                Respectfully submitted,

                                                **KAPIOLTAS, FORNI & OLIVER, PLLC**

                        By:    */s/ Tom Kapioltas*
                                      Thomas L. Kapioltas
                                      Texas Bar No. 24032614
                                      3838 Oak Lawn Avenue, L 100
                                      Dallas, Texas 75219
                                      T: (214) 764-9232
                                      F: (888) 223-8151
                                      Email: tom@kfolaw.com

                                              **COUNSEL FOR AMERIPRO**

                                                  **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of this Motion to Dismiss has been served on the below parties in accordance with the Texas Rules of Civil Procedure on February 20, 2014 as shown below.

                                                  By:    */s/ Tom Kapioltas*
                                                                  Thomas L. Kapioltas

William B. Gammon
E. Jason Billick
**GAMMON LAW OFFICE, PLLC**
1201 Spyglass Drive, Ste. 100
Austin, Texas 78746
<u>Via Fax (888) 545-4279</u>

**Counsel for Plaintiff**

Wells Fargo Bank, NA
c/o CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, Texas 75201-3136
<u>Via Certified Mail, Return Receipt Requested</u>


David Ackel
506 King Elder Lane
Austin, Texas 78613
<u>Via Certified Mail, Return Receipt Requested</u>