FILED

**IN THE UNITED STATES DISTRICT COURT** 2014 APR -3  AM 9: 29
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
          DEPUTY

SHIRLEY KLEIN,

                    **Plaintiff,**

-vs-                                                   **Case No.  A-14-CA-154-SS**

**WELLS FARGO BANK, N.A.; AMERIPRO**
**FUNDING, INC. d/b/a Land Mortgage; and**
**DAVID ACKEL,**

                    **Defendants.**

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Plaintiff Shirley Klein's Motion to Remand [#7], and Defendant AmeriPro Funding,

Inc.'s Response [#8]; AmeriPro's Motion to Dismiss [#6], and Klein's Voluntary Dismissal of

AmeriPro [#9];[1] and Defendant David Ackel's Motion to Dismiss [#10], Klein's Response [#12],

and Ackel's Reply [#14]. Having reviewed the documents, the governing law, and the file as a

whole, the Court now enters the following opinion and orders DENYING the motion to remand and

GRANTING the motion to dismiss.

### Background

This is a suit challenging Wells Fargo's foreclosure on the property located at 1601 Eagle

Wing Drive, Cedar Park, Texas 78613. Klein purchased the property in 2008, executing a Note and

Deed of Trust in favor of the original lender, AmeriPro. The Deed of Trust named Mortgage

_____

[1] The Court DISMISSES WITHOUT PREJUDICE all claims against AmeriPro pursuant to the notice of
dismissal.

Electronic Registration Systems, Inc. (MERS) as beneficiary, and as nominee for the lender. In 2011, MERS assigned the Deed of Trust to Wells Fargo. Klein subsequently defaulted, and unsuccessfully tried to obtain a loan modification from Wells Fargo. On October 1, 2013, Wells Fargo purchased the property at a foreclosure sale, and subsequently brought a forcible detainer action to evict Klein from the property.

Klein responded by filing this lawsuit in the 368th Judicial District Court of Williamson County, Texas. Klein primarily disputes the validity of the assignment to Wells Fargo, and brings the following causes of action: (1) quiet title; (2) violations of Texas's fraudulent presentment statute; (3) breach of contract; (4) violations of the Texas Debt Collection Act; and (5) promissory estoppel. AmeriPro removed the case to this Court on the basis of diversity jurisdiction, alleging both AmeriPro and Ackel were improperly joined to defeat diversity. Klein has moved to remand, and both AmeriPro and Ackel have moved to dismiss.

**Analysis**

**I.     Motion to Remand**

**A.     Legal Standard**

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have original jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, the

removal statute states diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[2] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). "One way in which a diverse defendant may establish improper joinder is by showing the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted). The test for improper joinder relevant to this case is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In conducting the improper joinder analysis, the Court may consider "summary judgment-type evidence such as affidavits and deposition testimony." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (internal quotation marks omitted).

**B.    Application**

Klein argues remand is appropriate for two reasons: (1) the prior exclusive jurisdiction doctrine deprives this Court of jurisdiction; and (2) Ackel, the substitute trustee, is a necessary and non-diverse party.[3] Neither argument has merit.

---

[2] Similarly, § 1441(b) prevents removal only if one of the "properly joined" defendants is a citizen of the state in which the action is brought. Thus, an improper joinder makes § 1441(b) inapplicable.

[3] Because Klein has voluntarily dismissed her claims against AmeriPro, the Court need not consider whether AmeriPro was improperly joined.

The prior exclusive jurisdiction doctrine holds, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *see also Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922) ("[W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."). But the primary purpose of this doctrine is to prevent jurisdictional disputes brought about as a result of *multiple concurrent proceedings*. *Kline*, 260 U.S. at 229. The doctrine is not implicated on these facts.

Although Klein does not identify any particular proceedings she alleges deprive this Court of jurisdiction, there appear to be only two cases possibly fitting this description. The first is the forcible detainer action filed by Wells Fargo seeking to evict Klein from the property. A pending forcible detainer action does not prevent another court from exercising jurisdiction over the property at issue because "[t]he only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Lugo v. Ross*, 378 S.W.3d 620, 622 (Tex. App.—Dallas 2012, no pet.) (forcible detainer suits concern only possession, not title; justice court "has no jurisdiction to render a judgment" resolving title disputes). "Forcible detainer suits in justice court may run concurrently with an action in another court—even if the other action involves adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible detainer suit." *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Hous. [14th Dist.] 2008, no pet.). The second possibility is this action, originally filed in state court. AmeriPro's removal, however, divested the state court of jurisdiction. The prior exclusive jurisdiction doctrine is not implicated by a lone state-

court lawsuit removed to federal court. *See Iqbal v. Bank of Am., N.A.*, No. 1:12-cv-938-SS, slip op. at 9 (W.D. Tex. Dec. 18, 2012) (order denying motion to remand) (explaining that removal divests state court of jurisdiction, thus precluding any state-court–federal-court conflict), *aff'd*, No. 13-50218 (5th Cir. Mar. 18, 2014) (unpublished).

Turning to Ackel's joinder in this lawsuit, it is clear Ackel was joined solely in his capacity as the substitute trustee. The Texas Property Code allows trustees like Ackel to obtain dismissal from a suit in which they have been named "solely in the capacity as a trustee under a deed of trust," on the theory trustees are not necessary parties to the lawsuit. *See* TEX. PROP. CODE § 51.007(a). Further, the Texas Property Code shields trustees from liability "for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee." *Id.* § 51.007(f). Ackel has complied with the Texas Property Code and filed "a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust." *Id.* § 51.007(a). Specifically, Ackel's only relationship to Klein is through Ackel's actions as substitute trustee, and there are no factual allegations outside that relationship in Klein's original petition. Klein's response misreads the property code and attempts to place additional burdens on Ackel to secure his dismissal.[4] The Court finds Ackel was improperly joined to defeat diversity jurisdiction. Disregarding his citizenship, the remaining parties

[4] Klein's primary avenue of attack is an effort to hold Ackel liable for violating Texas's fraudulent presentment statute. That statute imposes liability on persons who knowingly file fraudulent liens or claims against real property with the intent to injure the owner of the property. *See* TEX. CIV. PRAC. & REM. CODE § 12.002(a). Klein's petition contains no specific factual allegations about Ackel beyond his passing involvement in filing documents in his role as the substitute trustee. There are no allegations Ackel knowingly participated in any fraud or had any intent to injure Klein. Based upon Klein's original petition, there is no possibility Klein could recover against Ackel on this theory in state court.

are diverse and the amount-in-controversy requirement is satisfied. This Court has jurisdiction, and remand is not appropriate.

## II.    Motion to Dismiss

Ackel has also filed a motion to dismiss, raising essentially the same grounds as those raised in the opposition to the motion to remand. For the reasons stated above, Ackel's motion is GRANTED and all claims against him are DISMISSED WITHOUT PREJUDICE, as Ackel is not a necessary party to this lawsuit and there are no factual allegations sufficient to hold him liable under Texas's fraudulent presentment statute.

### Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Shirley Klein's Motion to Remand [#7] is DENIED;

IT IS FURTHER ORDERED that Defendant AmeriPro Funding, Inc.'s Motion to Dismiss [#6] is DISMISSED AS MOOT in light of Klein's voluntary dismissal [#9], and all claims against AmeriPro are DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that Defendant David Ackel's Motion to Dismiss [#10] is GRANTED, and all claims against Ackel are DISMISSED WITHOUT PREJUDICE.

SIGNED this the _2nd_ day of April 2014.


_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE